

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

**NO. WR-59,939-05**

**IN RE TRACY LANE BEATTY, Relator**

**ON MOTION FOR LEAVE TO FILE A PETITION FOR WRIT OF MANDAMUS
AND MOTION TO STAY THE EXECUTION IN CAUSE NO. 241-0978-04 IN THE
241ST JUDICIAL DISTRICT COURT
SMITH COUNTY**

*Per curiam.*

**O R D E R**

We have before us a Motion for Leave to File a Petition for Writ of Mandamus,

the accompanying Petition with exhibits, and a Motion for a Stay of Execution.

In August 2004, a jury found Relator guilty of the offense of capital murder. The

jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure

Article 37.071, and the trial court, accordingly, set Relator's punishment at death.[1]

---

[1] Unless otherwise indicated all references to Articles in this order refer to the Code of Criminal Procedure.

This Court affirmed Relator's conviction and sentence on direct appeal. *Beatty v. State*, No. AP-75,010 (Tex. Crim. App. Mar. 11, 2009) (not designated for publication). This Court denied relief on Relator's initial post-conviction application for a writ of habeas corpus. *Ex parte Beatty*, No. WR-59,939-02 (Tex. Crim. App. May 6, 2009) (not designated for publication).[2] We also dismissed Relator's subsequent application. *Ex parte Beatty*, No. WR-59,939-03 (Tex. Crim. App. Oct. 14, 2015) (not designated for publication).

Relator was subsequently set to be executed on March 25, 2020. In response to a motion to stay and the state of the Covid pandemic, we stayed that execution for a period of sixty days. *Ex parte Beatty*, No. WR-59,939-04 (Tex. Crim. App. Mar. 19, 2020) (not designated for publication). That stay order lifted automatically.

On June 10, 2022, the trial court set Relator's execution for November 9, 2022. Article 43.141(b-1) states that once the convicting court has set an execution date:

> Not later than the second business day after the date on which the convicting court enters an order setting the execution date, a copy of the order must be sent by first-class mail, e-mail, or fax to:
>
> (1) the attorney who represented the condemned person in the most recently concluded stage of a state or federal postconviction proceeding; and
>
> (2) the office of capital writs established under Subchapter B,

---

[2] On August 6, 2004, Relator filed with this Court an application for an original writ of habeas corpus challenging two contempt orders. The Court denied him leave to file that application on October 27, 2004. *See Ex parte Beatty*, No. WR-59,939-01 (no written order issued).

Chapter 78, Government Code.

Current counsel Thomas Scott Smith asserts that he is "the attorney who represented the condemned person in the most recently concluded stage of a state or federal postconviction proceeding," but he was not sent a copy of the order in the time or manner required by Article 43.141(b-1). Consequently, he asserts, the trial court has a ministerial duty to reset Relator's execution date. *See* Art. 43.141(b-2) (stating that "the exclusive remedy for a failure to comply with Subsection (b-1) is the resetting of the execution date under this article"). Further, because Article 43.141(b-2) provides an *exclusive* remedy, Relator asserts that he has no other legal remedy.

Before we rule on Relator's Motion for Leave to File a Petition for Writ of Mandamus and the accompanying Petition, we want to hear from the Respondent, the Honorable Jack Skeen, Jr., judge of the 241st District Court. Within two days of the date of this order, Judge Skeen is ordered to answer the following questions:

1. Was attorney Thomas Scott Smith "the attorney who represented the condemned person in the most recently concluded stage of a state or federal postconviction proceeding"?

2. If not, who was?

3. Was "the attorney who represented the condemned person in the most recently concluded stage of a state or federal postconviction proceeding" sent a copy of the order in the time and manner required by Article 43.141(b-1)?

4. If so, when was the order sent?

5. By what manner was the order sent (to what address or number)?

Judge Skeen may include any additional information in his response that he deems appropriate to resolving the mandamus currently before us.  The State is invited to respond within the same time period.

IT IS SO ORDERED THIS THE 1ST DAY OF NOVEMBER, 2022.

Do Not Publish